IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HARVEY J. HUDSON,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-05-0492 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **MICHAEL V. PUGH, Warden,** | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

### I.  Background

Petitioner, Harvey Hudson, a federal prisoner confined at the United States Penitentiary-Allenwood ("USP-Allenwood") in White Deer, Pennsylvania, commenced this action with a *pro se* petition for writ of habeas corpus (Doc. 1) filed pursuant to the provisions of 28 U.S.C. §2241. Petitioner has also filed an application to proceed *in forma pauperis* (Doc. 2). Plaintiff also filed a motion for recusal of the undersigned judge. (Doc. 4.)

In his §2241 petition, Plaintiff named as Respondent USP-Allenwood Warden, Troy Williamson. Petitioner challenges the validity of his conviction and sentence imposed by the District of Columbia Superior Court in 1987. (*Id*. At 2.)

Hudson avers that he was convicted on October 28, 1987, and he was sentenced to a term of 112 years to life on six counts of carnal knowledge, nine counts of taking indecent liberties with a minor, one count of sodomy, one count of kidnapping, and one count of obstruction of justice.  He has filed 16 post-trial motions in the District of Columbia Court of Appeals, as well as 5 civil rights complaints, one mandamus petition, and two habeas petitions in the United States District Court and/or Court of Appeals for the District of Columbia.  (Doc. 1, Ex. 1 at 1-3.)  Further, Petitioner claims he filed a direct appeal to the District of Columbia Court of Appeals, and that Court affirmed his conviction and sentence on April 18, 1990.  Finally, the Petitioner has filed two prior habeas petitions to this Court (Civil Action No. 1:CV 02-2259 and Civil Action No. 1:CV 03-0337), many portions of which are reiterated verbatim in the present petition.

In his §2241 petition, Hudson claims that he is innocent of the charges against him and that he is entitled to a "full and fair hearing" to present evidence of a contradiction in the dates of offenses set forth in testimony.  For the reasons set forth, the §2241 petition will be denied and the motion for recusal will be denied.

## II. Discussion

### A. Petitioner's Motion for Recusal

Before the court addresses Petitioner's habeas petition, the court will first address Petitioner's March 28, 2005 motion for the recusal of the undersigned judge from the captioned action. A motion for recusal based on personal bias or prejudice of a judge must comply with 28 U.S.C. § 144, which states as follows:

> **§ 144. Bias or prejudice of judge.**
> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term [session] at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Petitioner has not filed an affidavit stating the facts and reasons for the belief that bias or prejudice exists. Furthermore, the affidavit for recusal must be filed ten days before the filing of the petition for writ of habeas corpus.

In his motion for recusal, Petitioner states that he "suspect[s] the court of Judge Sylvia H. Rambo to be Bias and Prejudice, sided with the United States

3

Attorney, and without fundamental fairness to this instant case matter . . . ."  (Pet.'s Motion for Recusal at 9.)

Because Petitioner has not complied with 28 U.S.C. § 144, and the motion itself does not fill the deficiency, the undersigned judge does not need to refrain from proceeding to act on the instant motion or forward the motion for recusal to another judge.  Thus, Petitioner's motion for recusal of the undersigned judge will be denied.

### B.      Petitioner's Habeas Petition

Petitioner has been convicted of various sex crimes involving his stepdaughter, under the District of Columbia Code ("DC Code").  In the instant petition, Hudson claims that the prosecution witnesses incorrectly testified to the dates of the offenses, and the trial court's suppression of petitioner's factual evidence ("specific dates evidence") denied Petitioner a fair trial.  The same issue was presented in Petitioner's prior habeas petitions to this Court, and relief was denied.

Habeas corpus petitions brought under § 2241 are subject to the Rules Governing § 2254 cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for

4

its summary dismissal and cause the petitioner to be notified." Under Rule 9, "[a] second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ."  This petition falls within the scope of Rule 9, and the Court sees no reason to alter its prior determination on the issue.  Petitioner claims that the date of the offense occurred one year after the date claimed by the prosecution witnesses.  Even if Petitioner's dates are correct, it makes no difference whether the victim was 12 or 13 at the time of the offenses, and Petitioner still would not be entitled to relief.   In light of the foregoing, it is clear on the face of the petition and the exhibits attached that the Petitioner is not entitled to relief on the claim he has raised.

Moreover, the court will decline to issue a certificate of appealability. Generally, an appeal of a habeas proceeding, challenging detention which arises from a State court process, may not be taken to the court of appeals unless the judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A).  A certificate of appealability may issue only if the petitioner has made a substantial showing of denial of a constitutional right.  28 U.S.C. § 2253 (c)(2).  It makes no difference whether the final order complained of emanates from a habeas proceeding brought under § 2254 or §

5

2241.  *U.S. v. Cepero*, 224 F.3d 256, 264 (3d Cir. 2000).  "Under either proceeding, a state prisoner must obtain a certificate of appealability . . . before appealing from any aspect of the state-ordered detention under § 2253(c)(1)(A)."  *Id*. (internal citations omitted).  Here, Petitioner has failed to demonstrate a denial of a constitutional right to satisfy the requirements of 28 U.S.C. § 2253 (c)(2), and the court finds no basis for the issuance of a certificate of appealability.

### III.  Conclusion

In accordance with the foregoing discussion, the court will deny Petitioner's motion for recusal of the undersigned judge.  The Court will deny Petitioner's Petition for habeas corpus.  An appropriate order will issue.

    s/Sylvia H. Rambo
    SYLVIA H. RAMBO
    United States District Judge

Dated:  May 10, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HARVEY J. HUDSON,** | : | |
| | : | |
| Petitioner | : | **CIVIL NO. 1:CV-05-0492** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **MICHAEL V. PUGH, Warden,** | : | |
| | : | |
| Respondent | : | |

## O R D E R

In accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1) The application to proceed *in forma pauperis* (Doc. 2) is **GRANTED** for the purpose of filing this petition only.

2) Petitioner's motion for recusal of Judge Sylvia Rambo is **DENIED**.

3) The petition for a writ of habeas corpus (Doc. 1) is **DISMISSED**.

4) The Clerk of Court is directed to close this case.

5) There is no basis for issuance of a certificate of appealability.

                                           s/Sylvia H. Rambo
                                           SYLVIA H. RAMBO
                                           United States District Judge

Dated: May 10, 2005.